■ KENNETH BERGSTOL, Appellant, v TOWN OF MONROE, Respondent. [759 NYS2d 88] —In an action, inter alia, for a judgment declaring that Local Law No. 1 (2002) of the Town of Monroe is illegal, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 10, 2002, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the complaint is reinstated, and the matter is remitted to the Supreme Court, Orange County, for further *proceedings* consistent herewith.

This action was commenced by Kenneth Bergstol to review

the adoption by the Town of Monroe of Local Law No. 1 (2002), which effectively prohibited multiple dwelling groups in RR-1.0 and RR-1.5 zoning districts. Bergstol argued that Local Law No. 1 (2002) was illegal because it was contrary to the Town's master plan. The Supreme Court dismissed the action on the ground of collateral estoppel.

The Supreme Court's dismissal of this action was based upon a prior action which had been commenced by Bergstol challenging the adoption by the Town of Local Law No. 2 (2001), which was virtually identical to Local Law No. 1 (2002). The Supreme Court dismissed that prior action. During the pendency of the appeal, the Town repealed Local Law No. 2 (2001) and reenacted identical provisions as Local Law No. 1 (2002). The appeal in the prior action was dismissed as academic on motion by the Town (*see Bergstol v Town of Monroe,* 296 AD2d 431 [2002]).

We conclude that the Town is barred by the doctrine of judicial estoppel from claiming that this action is barred by collateral estoppel. The appeal in the first action was dismissed as a result of the Town's motion claiming that the appeal was academic because Local Law No. 2 (2001) had been repealed and replaced by Local Law No. 1 (2002). The doctrine of judicial estoppel, which is also known as the doctrine of estoppel against inconsistent positions, precludes a party from setting forth pleadings which are inconsistent with a position it took in a prior judicial proceeding (*see Secured Equities Invs. v McFarland,* 300 AD2d 1137, 1138 [2002]). Here, the Town's claim that this action is barred by collateral estoppel based on a Supreme Court determination in the earlier action is inconsistent with its claim in the prior action that the appeal from the Supreme Court's determination was academic. Altman, J.P., Smith, McGinity and Cozier, JJ., concur.