■ SIDNEY BLANK, Appellant, v HARRY KATZ, P.C., Respondent. [770 NYS2d 742]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated February 10, 2003, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, he failed to meet his burden of establishing entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Iannarone v Gramer,* 256 AD2d 443 [1998]). To prevail on a claim for legal malpractice, a plaintiff must establish (1) that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) that the attorney's negligence was a proximate cause of the loss sustained, (3) that the plaintiff incurred damages as a direct result of the attorney's actions, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see Iannarone v Gramer, supra; Volpe v Canfield,* 237 AD2d 282 [1997]). The plaintiff's submissions on his motion for summary judgment on the issue of liability did not establish that but for the defendant law firm's failure to timely commence an underlying action in the appropriate forum, the plaintiff would have succeeded in that underlying action (*see Marinelli Assoc. v Morrison,* 303 AD2d 386 [2003]). Accordingly, the motion for summary judgment was properly denied. Altman, J.P., Krausman, Adams and Townes, JJ., concur.