■ Lucyna Kowalska, Respondent, v Budin, Reisman and Schwartz, P.C., et al., Appellants. [772 NYS2d 811]—

Order, Supreme Court, New York County (Louis York, J.), entered June 11, 2003, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this legal malpractice action, there is a question of fact as to whether the law firm negligently failed to include necessary parties as defendants in the underlying litigation, precluding summary judgment herein (see Davis v Isaacson, Robustelli, Fox, Fine, Greco & Fogelgaren, 284 AD2d 104 [2001], lv denied 97 NY2d 613 [2002]). The Labor Law claims in that action were dismissed as nonviable against the Board of Education (see Kowalska v Board of Educ., 260 AD2d 546 [1999]). Defendants' argument that limiting the target of the underlying lawsuit to the Board of Education was a nonactionable exercise of judgment as a matter of law (see Rosner v Paley, 65 NY2d 736 [1985]) is unpersuasive. More relevant is the reasonableness of their decision not to bring suit against the property owner (City of New York) or the general contractor (New York City School Construction Authority).

We have considered defendants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Williams and Marlow, JJ.