■ MICHAEL CARELLA et al., Plaintiffs, v REILLY & ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. ITAL-IANO BROTHERS DRYWALL AND STUCCO, INC., et al., Third-Party Defendants-Appellants. [773 NYS2d 903]—

In an action to recover damages for personal injuries, etc., the third-party defendant, Italiano Brothers Drywall and Stucco, Inc., and the second third-party defendant, Integrated Exteriors, Inc., appeal from (1) an order of the Supreme Court, Nassau County (Alpert, J.), entered April 7, 2003, which denied their motion for summary judgment dismissing the second third-

party complaint and granted the motion of the defendants third-party and second third-party plaintiffs, Reilly & Associates and Joseph E. Reilly, Jr., to strike the answer of the third-party defendant, Italiano Brothers Drywall and Stucco, Inc., and (2) an order of the same court, entered April 9, 2003, which denied their motion for summary judgment dismissing the third-party complaint asserted against third-party defendant Italiano Brothers Drywall and Stucco, Inc.

Ordered that the appeal by the third-party defendant, Italiano Brothers Drywall and Stucco, Inc., from so much of the order entered April 7, 2003, as denied the motion for summary judgment dismissing the second third-party complaint is dismissed, without costs or disbursements, as Italiano Brothers Drywall and Stucco, Inc., is not aggrieved by that portion of the order entered April 7, 2003; and it is further,

Ordered that the appeal by the second third-party defendant, Integrated Exteriors, Inc., from so much of the order entered April 7, 2003, as granted the motion of the defendants third-party and second third-party plaintiffs, Reilly Associates and Joseph E. Reilly, Jr., to strike the answer of the third-party defendant Italiano Brothers Drywall and Stucco, Inc., is dismissed, without costs or disbursements, as Integrated Exteriors, Inc., is not aggrieved by that portion of the order entered April 7, 2003; and it is further,

Ordered that the appeal by the third-party defendant, Italiano Brothers Drywall and Stucco, Inc., from so much of the order entered April 7, 2003, as granted the motion of the defendants third-party and second third-party plaintiffs, Reilly Associates and Joseph E. Reilly, Jr., to strike its third-party answer is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal by the second third-party defendant, Integrated Exteriors, Inc., from the order entered April 9, 2003, is dismissed, without costs or disbursements, as Integrated Exteriors, Inc., is not aggrieved by that order; and it is further,

Ordered that the order entered April 7, 2003, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order entered April 9, 2003, is reversed insofar as reviewed, without costs or disbursements, on the law, the motion for summary judgment dismissing the third-party complaint is granted, and the third-party complaint is dismissed.

The plaintiff Michael Carella (hereinafter Carella), who was employed by the third-party defendant Italiano Brothers

Drywall and Stucco, Inc. (hereinafter Italiano Brothers), allegedly was injured when he fell from a six-foot high "Baker" scaffold while taping a bedroom ceiling at a single-family house in Locust Valley. Italiano Brothers was under contract with the defendants third-party and second third-party plaintiffs, Reilly Associates and Joseph E. Reilly, Jr. (hereinafter Reilly or the Reilly defendants), the general contractor, to provide labor and materials for drywall construction at the house. The second third-party defendant, Integrated Exteriors, Inc. (hereinafter Integrated), is owned by the same principals as Italiano Brothers. Integrated was under contract with Reilly to perform exterior stucco work at the same job site. After the plaintiffs commenced this action against the Reilly defendants, those defendants commenced a third-party action against Italiano Brothers and a second third-party action against Integrated for contractual and common-law indemnification and contribution.

Italiano Brothers made a prima facie showing of entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against it by establishing that Carella did not suffer a grave injury under Workers' Compensation Law § 11. In opposition, Reilly failed to raise a triable issue of fact as to whether Carella's alleged injury constituted a grave injury (*see Rubeis v Aqua Club,* 305 AD2d 656, 657-658 [2003]). Contrary to Reilly's contention, this motion did not offend the rule against successive motions for summary judgment (*see Varsity Tr. v Board of Educ. of City of N.Y.,* 300 AD2d 38, 39 [2002]; *Carella v Reilly & Assoc.* 297 AD2d 326, 327 [2002]).

In view of our determination of Italiano Brothers' motion for summary judgment, Reilly's motion to strike the third-party answer on the ground of spoliation of evidence is academic (*see Gloria v MGM Emerald Enters.,* 298 AD2d 355, 356 [2002]; *Carroll v City of New York,* 287 AD2d 430 [2001]).

The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the second third-party complaint. Integrated did not establish its entitlement to judgment as a matter of law. There are triable issues of fact as to the authority of Integrated to supervise and control the work of Italiano Brothers' employees (*cf. Russin v Picciano & Son,* 54 NY2d 311, 317-318 [1981]).

Reilly's remaining contentions are without merit. Altman, J.P., Smith, Goldstein and Crane, JJ., concur.