■ MICHAEL CARELLA et al., Plaintiffs, v REILLY & ASSOCIATES et al., Defendants and Third Third-Party Plaintiffs-Respondents. ITALIANO BROS. DRYWALL, INC., et al., Third Third-Party Defendants-Appellants. (And Other Third-Party Actions.) [803 NYS2d 428]—

In an action to recover damages for personal injuries, etc., the third third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated September 28, 2004, as denied those branches of their motion which were to dismiss the third third-party complaint and to impose sanctions against the third third-party plaintiffs.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the third third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants, and the third third-party complaint is dismissed.

The plaintiff allegedly was injured when he fell from a scaffold on a construction site for which the defendant and third third-party plaintiff-respondent Reilly & Associates was the general contractor. After the accident, the principal of the

plaintiff's employer, third third-party defendant-appellant Marc Italiano, took the scaffold home to inspect it. Italiano asserts that he found nothing wrong with the scaffold, and put it back into use, at which point it became indistinguishable from three other identical scaffolds owned by the company.

Contrary to the appellants' contention, the third third-party complaint was not barred by the doctrines of law of the case, res judicata, or collateral estoppel based on this Court's decision in *Carella v Reilly & Assoc.* (6 AD3d 373 [2004]). A determination that an issue is academic is not a disposition on the merits (*see Bergstol v Town of Monroe*, 305 AD2d 348, 349 [2003]; *All Terrain Props. v Hoy*, 277 AD2d 50 [2000]; *Matter of City of Oneida v Chassin*, 229 AD2d 855, 857 [1996]).

However, the Supreme Court erred in denying that branch of the appellants' motion which was to dismiss the third third-party complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). We reject the respondents' contentions that the appellants are liable for failing to preserve the scaffold and that they have a cause of action to recover damages for spoliation of evidence (*see MetLife Auto & Home v Joe Basil Chevrolet*, 1 NY3d 478 [2004]).

The commencement of the third third-party action, however, was not frivolous and, accordingly, sanctions are not warranted (*see* 22 NYCRR 130-1.1).

In light of this disposition, the appellants' remaining contention is academic. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.