▪ CHRISTOPHER SELLETTI, Appellant, v THOMAS F. LIOTTI, Respondent. [804 NYS2d 368]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated May 21, 2004, which denied his motion for summary judgment on the issue of liability on the cause of action alleging legal malpractice.

Ordered that the order is affirmed, with costs.

The plaintiff retained the defendant to represent him in a federal action, wherein the United States District Court for the Southern District of New York, inter alia, imposed a monetary sanction in the sum of $5,000 against the plaintiff for discovery abuses. The plaintiff alleged that the defendant's mishandling of the federal action resulted in the imposition of the monetary sanction.

"To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (*Iannarone v Gramer*, 256 AD2d 443, 444 [1998]; *see Blank v Harry Katz, P.C.*, 3 AD3d 512, 513 [2004]). While the issue of whether certain conduct constitutes legal malpractice is generally a factual determination to be made by the jury, a plaintiff will be entitled to summary judgment in a case where there is no conflict at all in the evidence, the defendant's conduct fell below any permissible standard of due care, and the plaintiff's conduct was not really involved (*see Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 514 [1990]).

Here, the plaintiff failed to submit evidence sufficient to establish, as a matter of law, that his conduct in prosecuting the federal action did not contribute to the imposition of the monetary sanction (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied his motion. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.