■ DELORIS AVERY et al., Appellants, v ALAN R. SIRLIN, Respondent. [809 NYS2d 468]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated July 14, 2005, as denied that branch of their motion which was, inter alia, for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the legal malpractice claim. To prevail in an action to recover damages for legal malpractice, "a plaintiff must establish that (1) the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, (2) the attorney's negligence was a proximate cause of the loss sustained, (3) the

plaintiff incurred damages as a direct result of the attorney's actions, and (4) the plaintiff would have been successful if the attorney had exercised due care" (*Natale v Samel & Assoc.*, 308 AD2d 568, 569 [2003]; *see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 344 [2005]). On this record, triable issues of fact exist regarding both the extent to which the plaintiffs cooperated with the defendant in the prosecution of the action and whether the underlying claims were meritorious (*see generally Maddux v Schur*, 16 AD3d 873, 874 [2005]; *Kowalska v Budin, Reisman & Schwartz*, 5 AD3d 196 [2004]; *Keeley v Tracy*, 301 AD2d 501 [2003]). Accordingly, summary judgment on the legal malpractice claim was properly denied.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.