■ DELORES GUMBS et al., Appellants, v FRIEDMAN & SIMON et al., Respondents. [828 NYS2d 103]—

In an action to recover damages for legal malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Hart, J.), dated April 13, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and (2) a judgment of the same court entered May 20, 2005, which, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further;

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The elements of a cause of action to recover damages for legal malpractice are (1) the attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) the attorney's conduct was a proximate cause of the loss, (3) the plaintiff sustained damages as a direct result, and (4) the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see Porello v Longworth*, 21 AD3d 541 [2005]; *Blank v Harry Katz, P.C.*, 3 AD3d 512 [2004]; *Aversa v Safran*, 303 AD2d 700 [2003]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561 [2003]).

The defendant attorneys commenced an underlying action on behalf of the plaintiffs to recover damages for personal injuries allegedly incurred when the plaintiff Delores Gumbs slipped and fell on ice. The underlying action was incorrectly commenced against the United States and the United States General Services Administration; however, the statute of limitations expired before an action could be brought against the proper party, the City of New York.

In granting summary judgment dismissing the complaint in the legal malpractice action, the Supreme Court concluded that

the plaintiffs would not have been successful in the underlying action on the ground that "the plaintiffs have failed to raise a triable issue of fact with respect to the underlying issue of notice of the alleged dangerous condition." On appeal the plaintiffs state that they do "not contest" that they are "unable to prove notice of the alleged dangerous condition" and claim that their opposition to summary judgment is "based on the evidence that the City of New York *created* the dangerous condition" (emphasis in original). The plaintiffs state that the gravamen of the underlying claim was that the snow removal efforts of the City caused, created, or exacerbated the icy condition that allegedly caused the accident. However, there is no evidence that the City performed any snow removal. A deposition of a supervisor with the City's Department of Sanitation was scheduled for June 30, 2004, but the plaintiffs' current attorney in the legal malpractice action failed to appear and failed to reschedule the deposition.

In view of the foregoing, the plaintiffs' claim in the underlying action was based upon pure speculation. Therefore the plaintiffs would not have been successful (*see Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648, 649 [1999]). Accordingly, summary judgment was properly granted to the defendants dismissing the complaint seeking to recover damages for legal malpractice. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.