■ ROBERT EISENBERGER et al., Respondents-Appellants, v JUDAH I. SEPTIMUS, Appellant-Respondent. [845 NYS2d 102]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 10, 2006, as denied his motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages . . . To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [citations omitted]). "For a defendant in a legal malpractice action to succeed on a motion for summary judgment, evidence must be submitted in admissible form establishing that the plaintiff is unable to prove at least one of [the] essential elements [of legal malpractice]" (*Shopsin v Siben & Siben*, 268 AD2d 578 [2000]; *see Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303 [1999]).

The defendant failed to prove his prima facie entitlement to judgment as a matter of law since he did not demonstrate that the plaintiffs are unable to prove one of the essential elements of their malpractice claim (*see Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). Similarly, the plaintiffs were not entitled to summary judgment since questions of fact exist regarding the malpractice claim (*see Avery v Sirlin*, 26 AD3d 451 [2006]; *Maddux v Schur*, 16 AD3d 873 [2005]).

Accordingly, the Supreme Court properly denied the respective motions for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Spolzino, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.