■ GERALD GOLDMAN et al., Appellants, v AKIN GUMP STRAUSS HAUER & FELD LLP et al., Respondents. [850 NYS2d 7]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered May 8, 2006, which granted defendants' motion to dismiss the complaint and denied plaintiffs' cross motion to amend the complaint, and dismissed the complaint, and order, same court and Justice, entered March 12, 2007, which denied plaintiffs' motion to renew, unanimously affirmed, with one bill of costs.

Plaintiffs were the general partners of limited partnerships that they sold in violation of their fiduciary obligations to limited partners, as determined in subsequent arbitration proceedings with the limited partners. In the instant action, plaintiffs claim, inter alia, that defendants committed legal malpractice in advising them to go ahead with the sale without warning them of the extent of their exposure to the limited partners. The claim was correctly dismissed as time-barred based on the fact that the action was commenced more than three years after the sale closed (CPLR 214 [6]; *see Bergman v Fingerit*, 177 AD2d 448 [1991], *lv denied* 79 NY2d 759 [1992]; *see also Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994] [malpractice cause of action accrues when injury occurs even if aggrieved party is then ignorant of the wrong or injury]), and documentary evidence that effectively precludes plaintiffs from arguing that defendants' representation in the arbitrations was continuous with their representation in the sale. Such documentary evidence consists of the affidavit submitted by plaintiffs in a prior litigation that involved an unsuccessful attempt by a limited partner to disqualify defendants from representing plaintiffs in one of the arbitrations. Therein, one of the plaintiffs stated that while defendants were retained to advise plaintiffs and, if need be, serve as their litigation counsel, in connection with litigation then being threatened by the limited partners, as to the sale itself, defendants were retained only to draw the documents necessary to consummate a deal that had already been negotiated and agreed to. Holding plaintiffs to this position (*see D & L Holdings v Goldman Co.*, 287 AD2d 65, 71-72

[2001], *lv denied* 97 NY2d 611 [2002]), defendants' representation in the arbitrations, which involved the merits of the litigation that was being threatened by the limited partners at the time plaintiffs retained defendants, was distinct from their representation in "papering" the sale, which did not involve negotiating the terms of the sale or advising whether or not to proceed with it (*see CLP Leasing Co., LP v Nessen*, 12 AD3d 226, 227 [2004]; *Dignelli v Berman*, 293 AD2d 565 [2002]). We have reviewed the materials submitted by plaintiffs in their motion to renew, i.e., the other papers submitted in the prior litigation, and find that they do not warrant a different result. We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ. [*See* 11 Misc 3d 1077(A), 2006 NY Slip Op 50604(U).]