■ THERESA STRIANO REVOCABLE TRUST et al., Appellants, v RICHARD T. BLANCATO, Respondent. [898 NYS2d 69]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBella, J.), entered July 7, 2009, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff Theresa Striano Revocable Trust (hereinafter the Trust), whose sole trustee is the plaintiff Theresa Striano, provided two $100,000 mortgage loans to a borrower seeking to avoid foreclosure on two apartment buildings in the Bronx. The borrower is not a party to this action. Before the closing documents were finalized, the defendant Richard T. Blancato, who was the plaintiffs' attorney, observed that the 17% annual interest rate on the loans might be usurious under General Obligations Law § 5-501 and Banking Law § 14-a, which generally fix the maximum annual interest rate which may be charged for these types of transactions at 16%. He shared his concern with the borrower's counsel, who assured him that the rate was not usurious because the loans were commercial in nature. Based on this explanation, the defendant was persuaded that no usury issue existed, and never notified Striano about the potential problem.

The borrower defaulted on both loans, prompting the defendant to file two foreclosure actions against him on the plaintiffs' behalf in 2005. In 2008 the borrower raised a usury defense, and his counsel has now correctly conceded that he misspoke when he advised the defendant that the 17% interest rate fell within a statutory exception to usury. Striano avers that she has incurred more than $40,000 in legal fees responding to this defense. She contends that the defendant caused her to incur those fees by failing to research the usury issue and, instead, relying on the advice of the borrower's counsel.

"In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages. To establish the el-

ement of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence. The failure to demonstrate proximate cause requires dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*Kluczka v Lecci*, 63 AD3d 796, 797 [2009] [citations omitted]).

Here, the defendant's reliance upon the advice of the borrower's attorney reflects a failure to exercise ordinary reasonable skill (*see Shopsin v Siben & Siben*, 268 AD2d 578 [2000]; *McCoy v Tepper*, 261 AD2d 592, 593 [1999]; *Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 514 [1990]). As the plaintiffs' current counsel correctly notes, even a cursory review of the relevant statutes would have revealed that the proposed loans did not fall under any usury exceptions. Additionally, the defendant's efforts to paint his actions in a favorable light are unavailing, as his recent averments directly contradict both his 2008 affirmation and the averments of Thomas Fatato, Striano's brother, who submitted an affidavit on the defendant's behalf (*see Denicola v Costello*, 44 AD3d 990 [2007]; *Telfeyan v City of New York*, 40 AD3d 372, 373 [2007]).

The defendant contends that Fatato ultimately was responsible for the decision to provide the loans despite the potential usury problem. Assuming, however, that Fatato acted as Striano's agent and was aware of the borrower's counsel's advice (such that Fatato's knowledge can be imputed to Striano), the defendant "may not shift to the client the legal responsibility [he] was specifically hired to undertake because of [his] superior knowledge" (*Hart v Carro, Spanbock, Kaster & Cuiffo*, 211 AD2d 617, 619 [1995]).

Accordingly, the plaintiffs established, prima facie, that the defendant acted negligently with respect to the usury issue. Issues of fact exist, however, as to whether Striano was involved in certain decisions regarding the handling of the mortgage foreclosure actions filed against the borrower and, if so, whether those decisions constituted an intervening cause of the plaintiffs' injuries (*see Eisenberger v Septimus*, 44 AD3d 994, 995 [2007]; *Brooks v Lewin*, 21 AD3d 731, 734 [2005]; *Selletti v Liotti*, 22 AD3d 739, 740 [2005]; *Blank v Harry Katz, P.C.*, 3 AD3d 512, 513 [2004]). The Supreme Court's denial of the plaintiffs' motion was, therefore, proper. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.