■ MATINA TSAFATINOS et al., Appellants, v WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, et al., Respondents. [903 NYS2d 907]—In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nicolai J.), dated June 19, 2009, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred. "To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired" (*Savarese v Shatz*, 273 AD2d 219, 220 [2000]; *see Morris v Gianelli*, 71 AD3d 965, 967 [2010]). Here, the defendants demonstrated that the plaintiffs' cause of action to recover damages for legal malpractice accrued no later than July 2005, more than three years before the commencement of the instant action in August 2008 (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Nickel v Goldsmith & Tortora, Attorneys at Law, P.C.*, 57 AD3d 496 [2008]). Thereafter, "the burden shifted to the plaintiffs to aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations" (*Savarese v Shatz*, 273 AD2d at 220 [internal quotation marks omitted]). Contrary to the plaintiffs' contention, they failed to establish that the statute of limitations was tolled by the continuous representation doctrine (*see McCoy v Feinman*, 99 NY2d at 306; *cf. Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]).

Furthermore, to the extent that the complaint may be construed to assert causes of action alleging breach of contract, fraud, or breach of fiduciary duty, the Supreme Court properly, in effect, dismissed those causes of action as duplicative of the legal malpractice cause of action (*see Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849, 850 [2009]; *Amodeo v Kolodny, P.C.*, 35 AD3d 773, 774 [2006]). Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.