■ Gera Greene, Respondent-Appellant, v Karen Goldberg Sager et al., Appellants-Respondents. [910 NYS2d 546]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 30, 2009, which denied their motion for summary judgment dismissing the complaint, and the plaintiff appeals from an order of the same court dated November 10, 2009, which denied her cross motion for summary judgment on the issue of liability.

Ordered that the orders are affirmed, without costs or disbursements.

The defendants were retained by the plaintiff to represent her and to recover damages for injuries she allegedly sustained when she stepped off a sidewalk and fell into a depressed area in a street in Queens, where the plaintiff alleges that she observed Consolidated Edison employees working on the day of her accident. The defendants failed to commence an action within the statute of limitations period, and the plaintiff commenced this action against them, alleging legal malpractice.

Prior to discovery, the Supreme Court denied a motion by the plaintiff and cross motion by the defendants for summary judgment. After discovery, the defendants submitted additional evidence and again moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court determined the motion and cross motion on the merits, noting that its previous order denying the parties' motions had been, in effect, without prejudice. Therefore, contrary to the plaintiff's contention, the defendants' motion did not offend the rule against successive motions for summary judgment (see Carella v Reilly & Assoc., 6 AD3d 373, 375 [2004]; Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [2002]; cf. Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]).

An action alleging legal malpractice requires a plaintiff to establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the breach of this duty was the proximate cause of actual damages sustained by the plaintiff (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Theresa Striano Revocable Trust v Blancato, 71 AD3d 1122, 1123 [2010]; Kluczka v Lecci, 63 AD3d 796, 797 [2009]). To prove causation, the plaintiff must establish that, but for the defendant attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained damages (see Theresa Striano Revocable

*Trust v Blancato*, 71 AD3d at 1123-1124; *Gumbs v Friedman & Simon*, 35 AD3d 362 [2006]; *Blank v Harry Katz, P.C.*, 3 AD3d 512, 513 [2004]).

To succeed on their motion for summary judgment, the defendants were required to demonstrate that the plaintiff is unable to prove at least one of the essential elements of a legal malpractice cause of action (*see Conklin v Owen*, 72 AD3d 1006, 1007 [2010]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). The defendants, as movants, failed to meet this burden (*see Eisenberger v Septimus*, 44 AD3d 994, 995 [2007]; *Shopsin v Siben & Siben*, 268 AD2d at 578). The plaintiff similarly failed to meet her burden of establishing entitlement to judgment as a matter of law as to the defendants' liability for malpractice since there were triable issues of fact whether she would have prevailed in the underlying action to recover damages for her injuries (*see Theresa Striano Revocable Trust v Blancato*, 71 AD3d at 1123; *Eisenberger v Septimus*, 44 AD3d at 995; *Avery v Sirlin*, 26 AD3d 451, 452 [2006]). Accordingly, the Supreme Court properly denied the defendants' motion and the plaintiff's cross motion for summary judgment. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.