■ VINCENT DeSTASO, Appellant, v CONDON RESNICK, LLP, et al., Respondents. [936 NYS2d 51]—

In 2004, the defendant Condon Resnick, LLP (hereinafter Condon Resnick), prepared notes in connection with loans made by the plaintiff to a nonparty, Peter A. Bottiglieri. The first loan, in the sum of $137,000 at a rate of 18% annual interest, closed on January 29, 2004. A second loan, in the sum of $210,000 at a rate of 22% annual interest, closed on March 22, 2004. Each loan required Bottiglieri to make monthly payments for two years, followed by a balloon payment at the end of that period.

The loans were purportedly secured by mortgages on real property located in Dobbs Ferry (hereinafter the Dobbs Ferry property). At the time these mortgages were recorded, Bottiglieri did not have title to the Dobbs Ferry property.

Bottiglieri failed to make any payments on either loan. In an effort to recoup the funds extended by the plaintiff through the unsecured and unenforceable loans, Condon Resnick prepared a contract (hereinafter the contract of sale), pursuant to which the plaintiff would purchase the Dobbs Ferry property at the below-market cost of $570,000, and Bottiglieri would transfer title to plaintiff in exchange for satisfaction of the loans. Although the purported closing occurred in December 2004, title was rejected by the title insurance company since Bottiglieri still did not have title to the Dobbs Ferry property. The plaintiff nevertheless entered into the contract of sale, allegedly on the advice of Condon Resnick. The deed to the real property naming the plaintiff as the owner was not filed in the County Clerk's office until sometime in July 2005. During the intervening period between December 2004 and July 2005, the plaintiff was compelled to expend sums to maintain the Dobbs Ferry property and safeguard his interest in it.

In February 2006, the plaintiff, allegedly on the advice of Condon Resnick, commenced an action against Bottiglieri to recover unpaid interest on the loans which accrued between the closings on the loans and the actual transfer of the title to the Dobbs Ferry property, and for other damages (hereinafter the underlying action). Bottiglieri initially defaulted in the action, but his default was later vacated by an order of this Court (*see DeStaso v Bottiglieri*, 52 AD3d 453 [2008]). Thereafter, in an order dated August 31, 2009, the Supreme Court awarded Bottiglieri summary judgment dismissing the complaint insofar as asserted against him, canceled the mortgages and voided the loans as unenforceable due to their usurious rate of interest, and directed an inquest on damages. The plaintiff discharged Condon Resnick in December 2009. The inquest eventually resulted in an award in favor of Bottiglieri and against the plaintiff in the sum of $600,000.

The plaintiff commenced this action against Condon Resnick and other related defendants in February 2010. The plaintiff alleged, inter alia, that Condon Resnick committed legal malpractice by, among other things, its preparation of the 2004 loans and the contract of sale, as well as the commencement and handling of the February 2006 action to recover unpaid interest on the 2004 loans. The defendants moved pursuant to CPLR 3211 (a) (1) and (7) and, in effect, pursuant to CPLR 3211 (a) (5), to dismiss the complaint. The Supreme Court granted the defendants' motion. On appeal, the plaintiff contends that the Supreme Court erred in granting dismissal of the complaint insofar as asserted against Condon Resnick. We modify.

The first cause of action alleged that Condon Resnick was liable for legal malpractice by preparing the unenforceable and unsecured loans in 2004. The second cause of action alleged that Condon Resnick was liable for legal malpractice in connection with the contract of sale. The Supreme Court improperly granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss these causes of action insofar as asserted against Condon Resnick as time-barred.

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty was a proximate cause of actual damages sustained by the plaintiff (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Snolis v Clare*, 81 AD3d 923 [2011]; *Greene v Sager*, 78 AD3d 777 [2010]; *Boglia v Greenberg*,

63 AD3d 973, 975 [2009]; *Gumbs v Friedman & Simon*, 35 AD3d 362 [2006]; *Blank v Harry Katz, P.C.*, 3 AD3d 512 [2004]; *Aversa v Safran*, 303 AD2d 700, 701 [2003]; *Cannistra v O'Connor, Mc-Guinness, Conte, Doyle, Oleson & Collins*, 286 AD2d 314 [2001]). A cause of action alleging legal malpractice may be based upon the creation of a loan document which is usurious and does not fall under any exceptions to the law of usury (*see Theresa Striano Revocable Trust v Blancato*, 71 AD3d 1122 [2010]).

An action to recover damages arising from legal malpractice must be commenced within three years after accrual (*see* CPLR 214 [6]; 203 [a]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Rakusin v Miano*, 84 AD3d 1051, 1051-1052 [2011]; *Goldman v Akin Gump Strauss Hauer & Feld LLP*, 46 AD3d 481 [2007]; *Carnevali v Herman*, 293 AD2d 698 [2002]). The action accrues when the malpractice is committed (*see McCoy v Feinman*, 99 NY2d at 301; *Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Carnevali v Herman*, 293 AD2d at 698-699).

Causes of action alleging legal malpractice which would otherwise be time-barred are timely if the doctrine of continuous representation applies (*see Glamm v Allen*, 57 NY2d 87, 94 [1982]; *Tsafatinos v Wilson Elser Moskowitz Edelman & Dicker, LLP*, 75 AD3d 546 [2010]; *Minsky v Haber*, 74 AD3d 763 [2010]). In the legal malpractice context, the continuous representation doctrine tolls the statute of limitations where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim (*see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]; *McCoy v Feinman*, 99 NY2d at 306; *Siegel v Kranis*, 29 AD2d 477, 480 [1968]).

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1017 [2010]). Here, the defendants established that the first and second causes of action accrued more than three years prior to the commencement of this action. Accordingly, the burden then shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actually commenced this action within the applicable limitations period (*see Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 195 [2009]; *Gravel v Cicola*, 297 AD2d 620, 621 [2002]).

Contrary to the Supreme Court's determination, the plaintiff raised an issue of fact as to whether Condon Resnick's repre-

sentation of the plaintiff until December 2009 reflected a course of continuous representation intended to rectify or mitigate the initial act of alleged malpractice which occurred in connection with the preparation of the two loans in 2004 (*see Weiss v Manfredi*, 83 NY2d 974, 977 [1994]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD2d at 1017-1018; *Gravel v Cicola*, 297 AD2d at 621; *Pellati v Lite & Lite*, 290 AD2d 544, 545-546 [2002]; *Kuritzky v Sirlin & Sirlin*, 231 AD2d 607, 608 [1996]; *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 505-506 [1990]; *Stampfel v Eckhardt*, 143 AD2d 184, 185 [1988]; *Siegel v Kranis*, 29 AD2d at 480; *cf. Maurice W. Pomfrey & Assoc., Ltd. v Hancock & Estabrook, LLP*, 50 AD3d 1531 [2008]). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the first and second causes of action insofar as asserted against Condon Resnick as time-barred.

The fourth, sixth, and seventh causes of action, and portions of the third cause of action, allege various instances of legal malpractice which allegedly occurred during Condon Resnick's representation of the plaintiff during the underlying action, commenced in February 2006, to recover unpaid interest on the loans. The Supreme Court did not grant dismissal of these causes of action as time-barred. Rather, it did so pursuant to either CPLR 3211 (a) (1) based on documentary evidence, or pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

The fourth cause of action alleges Condon Resnick's failure to assert a statute of limitations defense to bar any recovery by Bottiglieri based on the usurious nature of the two 2004 loans. Contrary to the Supreme Court's conclusion, although the statute of limitations may not have barred Bottiglieri from asserting usury as a defense to the plaintiff's claims for unpaid interest on the 2004 loans, it nevertheless may have been utilized to prevent Bottiglieri from gaining affirmative relief on the ground of usury (*see* CPLR 203 [d]; *Davis v Davis*, 95 AD2d 674, 675 [1983]; *see also* 1-203 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 203.25). Accordingly, the Supreme Court improperly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against Condon Resnick for failure to state a cause of action.

The Supreme Court granted that branch of the defendants' motion which was to dismiss the sixth and seventh causes of action, and those portions of the third cause of action alleging legal malpractice, insofar as asserted against Condon Resnick pursuant to CPLR 3211 (a) (1), on the ground that a defense

was founded upon documentary evidence. Contrary to the Supreme Court's conclusion, the evidentiary materials submitted by the defendants did not conclusively establish that the plaintiff had no cause of action; rather, they merely disputed certain factual allegations contained in the complaint (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *Simpson v Alter*, 78 AD3d 813, 815 [2010]; *Kempf v Magida*, 37 AD3d 763, 764 [2007]; *Quesada v Global Land, Inc.*, 35 AD3d 575, 576 [2006]; *Skillgames, LLC v Brody*, 1 AD3d 247, 251 [2003]). Accordingly, the Supreme Court should not have granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) to dismiss the sixth and seventh causes of action, and so much of the third cause of action as alleged legal malpractice, insofar as asserted against Condon Resnick.

However, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss those portions of the third cause of action which alleged a violation of Judiciary Law § 487 insofar as asserted against Condon Resnick, since the complaint did not contain allegations of fraud or deceit sufficient to state a cause of action under that section (*see Mecca v Shang*, 258 AD2d 569, 570 [1999]; *Zambito v Ryan*, 125 AD2d 462, 463 [1986]). Moreover, the court properly granted that branch of the defendants' motion which was to dismiss the eighth cause of action which alleged violations of the Code of Professional Responsibility, insofar as it was asserted against Condon Resnick, since it failed to state a cause of action (*see Kantor v Bernstein*, 225 AD2d 500, 501-502 [1996]; *Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon*, 172 AD2d 254, 254 [1991]; *Brainard v Brown*, 91 AD2d 287, 289 [1983]).

In light of the foregoing, the Supreme Court improperly granted those branches of the defendants' motion which were to dismiss the fifth cause of action, which sought to recover an attorney's fee paid to Condon Resnick, insofar as asserted against Condon Resnick, and the ninth cause of action, which sought to recover consequential damages, insofar as asserted against Condon Resnick (*see generally DePinto v Rosenthal & Curry*, 237 AD2d 482, 482-483 [1997]).

The defendants' alternative grounds for affirmance of the dismissal of the causes of action alleging legal malpractice are without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.