■ ANTHONY N. MACALUSO, Appellant, v ROBERT JAMES DEL COL, Respondent. [944 NYS2d 589]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 9, 2011, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is denied.

The defendant represented the plaintiff in a lawsuit arising from a dispute between the plaintiff and his brother regarding a fuel oil company which was jointly owned by the brothers. On July 6, 2007, that lawsuit was settled by a stipulation of settlement entered into in open court (hereinafter the agreement). On August 19, 2010, the plaintiff commenced this action to recover damages for legal malpractice against the defendant. The complaint alleged, inter alia, that the defendant negligently failed to include certain "terms and conditions" in the agreement. The defendant moved pursuant to CPLR 3211 (a) (5) to

dismiss the complaint as time-barred. In opposition to the motion, the plaintiff adduced evidence that the defendant continued to represent him in the underlying lawsuit after the date of the agreement. In particular, the plaintiff submitted proof that in October 2007, the defendant had moved to set aside the agreement. In the order appealed from, the Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. The plaintiff appeals, and we reverse.

An action to recover damages arising from legal malpractice must be commenced within three years after accrual (*see* CPLR 203 [a]; 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Rakusin v Miano*, 84 AD3d 1051, 1051-1052 [2011]; *Goldman v Akin Gump Strauss Hauer & Feld LLP*, 46 AD3d 481, 481 [2007]). The action accrues when the malpractice is committed (*see McCoy v Feinman*, 99 NY2d at 301; *Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Carnevali v Herman*, 293 AD2d 698, 698-699 [2002]). Causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies (*see Glamm v Allen*, 57 NY2d 87, 94 [1982]; *Tsafatinos v Wilson Elser Moskowitz Edelman & Dicker, LLP*, 75 AD3d 546, 546 [2010]; *Minsky v Haber*, 74 AD3d 763, 764 [2010]).

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant has the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1017 [2010]). Here, the defendant established that the legal malpractice claim as alleged in the complaint accrued more than three years prior to the commencement of this action. The burden then shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was commenced within the applicable limitations period (*see DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812 [2011]; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]).

Contrary to the Supreme Court's determination, the plaintiff raised an issue of fact as to whether the defendant's representation of the plaintiff until at least October 2007 reflected a course of continuous representation (*see Weiss v Manfredi*, 83 NY2d 974, 977 [1994]; *DeStaso v Condon Resnick, LLP*, 90 AD3d at 812-813; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d at 1017-1018; *Gravel v Cicola*, 297 AD2d at 621; *Pellati v*

*Lite & Lite,* 290 AD2d 544, 545-546 [2002]). Accordingly, the Supreme Court erred in granting the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

The defendant's remaining contentions are not properly before this Court. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.