In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated February 9, 2012, as denied her motion for summary judgment on the issue of liability.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant was retained to represent the plaintiff in an action to recover damages for injuries she allegedly sustained when she slipped and fell on a plastic-wrapped package of *814 advertising flyers left on the steps of her residence. The defendant commenced an action on behalf of the plaintiff against the owner of the residence and against a marketing distribution company which allegedly distributed the flyers. The owner of the residence defaulted, and the defendant obtained a judgment against her and in favor of the plaintiff. Depositions of a representative of the marketing distribution company were not conducted until after the expiration of the statute of limitations, at which time the representative testified that the company did not start distributing that particular advertising flyer until a date subsequent to the plaintiff’s accident, and named another company which allegedly was the distributor at the relevant time. The defendant was unable to commence an action against this other company or against the publisher of the advertising flyers, as the statute of limitations had expired, and the plaintiff commenced this action alleging legal malpractice.
An action alleging legal malpractice requires a plaintiff to establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty was a proximate cause of actual damages sustained by the plaintiff (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Greene v Sager, 78 AD3d 777, 778 [2010]; Theresa Striano Revocable Trust v Blancato, 71 AD3d 1122, 1123 [2010]; Kluczka v Lecci, 63 AD3d 796, 797 [2009]).
The plaintiff failed to establish her entitlement to judgment as a matter of law on the issue of defendant’s liability for malpractice, as she failed to establish, prima facie, that she would have prevailed in the underlying action against certain persons or entities whom she identified, even had they been timely joined as additional defendants (see Greene v Sager, 78 AD3d at 779; Theresa Striano Revocable Trust v Blancato, 71 AD3d 1122 [2010]).
Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.