■ JOSEPH SCHOTTLAND et al., Appellants, v BROWN HARRIS STEVENS BROOKLYN, LLC, et al., Defendants, and ZERLINE L. GOODMAN, Respondent. (And a Third-Party Action.) [27 NYS3d 259]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated November 20, 2013, as denied their motion for summary judgment on the issue of liability on the cause of action alleging legal malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2010, the plaintiffs purchased a residential property located on Clinton Street in Brooklyn. After the sale, they discovered that the sellers had previously encumbered the property with a conservation easement in favor of a third party. The plaintiffs then commenced this action against, among others, their own attorney and the sellers, inter alia, to recover damages for legal malpractice. They moved for summary judgment on their cause of action alleging legal malpractice, and the Supreme Court denied the motion.

On a motion for summary judgment, the moving party must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*see id.* at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In order to sustain a legal malpractice cause of action, a plaintiff must prove "that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49-50 [2015]; *Dombrowski v Bulson*, 19 NY3d 347, 350 [2012]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 50; *Greene v Sager*, 78 AD3d 777, 778 [2010]).

Here, the plaintiffs failed to establish their prima facie

entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging legal malpractice (*see Greene v Sager*, 78 AD3d at 779; *Theresa Striano Revocable Trust v Blancato*, 71 AD3d 1122, 1124 [2010]; *Eisenberger v Septimus*, 44 AD3d 994, 995 [2007]). Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.