762 Westchester Ave. Realty, LLC v Mavrelis (2018 NY Slip Op 08452)





762 Westchester Ave. Realty, LLC v Mavrelis


2018 NY Slip Op 08452


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-01403
 (Index No. 701645/15)

[*1]762 Westchester Ave. Realty, LLC, respondent,
v
Bill Mavrelis, etc., appellant, et al., defendants.


Joel Zweig (Georgoulis PLLC, New York, NY [James G. Lainas], of counsel), for appellant.
Sipsas P.C., Astoria, NY (Ioannis P. Sipsas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Bill Mavrelis, also known as William N. Mavrelis, appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered January 19, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging legal malpractice against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging legal malpractice against the defendant Bill Mavrelis, also known as William N. Mavrelis, is denied.
The plaintiff, a limited liability corporation that owned real property in the Bronx, commenced this action alleging, inter alia, legal malpractice against the defendant Bill Mavrelis, also known as William N. Mavrelis (hereinafter the defendant). Specifically, the plaintiff alleged that it had retained the defendant to prepare and file an application for a tax abatement on the plaintiff's behalf, that the defendant filed the application late, and that the lateness of the filing was the basis for the denial of the application. Prior to the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability with respect to the cause of action alleging legal malpractice. In an order dated January 4, 2016, the Supreme Court, among other things, granted that branch of the motion. The defendant appeals from that portion of the order.
Contrary to the defendant's contention, the plaintiff's motion was not premature (see CPLR 3212[f]). However, we disagree with the Supreme Court's determination to grant that branch of the motion which was for summary judgment on the issue of the defendant's liability for malpractice.
In an action alleging legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused plaintiff to sustain actual damages (see Zaidman v Marcel Weisman, LLC, 106 AD3d 813, 814; Erdman v Dell, 50 AD3d 627, 627-628).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the issue of the defendant's liability, as it failed to present any evidence that its application for the subject tax abatement would have been granted had it been timely filed (see Zaidman v Marcel Weisman, LLC, 106 AD3d at 814; Erdman v Dell, 50 AD3d at 628). Moreover, the limited, pre-discovery record before us presents unresolved triable issues of fact regarding the cause of the late filing, including the extent, if any, to which such cause is attributable to any act or omission on the part of the defendant.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of the defendant's liability for legal malpractice, regardless of the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court