Keshner v Hein Waters & Klein (2020 NY Slip Op 03907)





Keshner v Hein Waters & Klein


2020 NY Slip Op 03907


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-12090
 (Index No. 711923/16)

[*1]Maurice Keshner, respondent,
v
Hein Waters & Klein, et al., appellants.


Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Robert J. Bergson and Andrew W. Gefell of counsel), for appellants.
Andrew Lavoott Bluestone, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 27, 2018. The order, insofar as appealed from, upon vacating an order of the same court entered February 23, 2018, granted the plaintiff's motion for leave to reargue his opposition to the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the complaint, which had been granted in an order of the same court entered July 26, 2017, and, upon reargument, vacated the determination in the order entered July 26, 2017, granting that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice and thereupon denied that branch of the defendants' prior motion.
ORDERED that the order entered September 27, 2018, is affirmed insofar as appealed from, with costs.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; U.S. Bank N.A. v Joseph, 159 AD3d 968, 969). If the defendant satisfies this burden, the burden then shifts to the plaintiff to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781).
The statute of limitations for a cause of action alleging legal malpractice is three years (see CPLR 214[6]). "However, [c]auses of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies'" (Farage v Ehrenberg, 124 AD3d 159, 164, quoting Macaluso v Del Col, 95 AD3d 959, 960; see Glamm v Allen, 57 NY2d 87, 94). "[T]he rule of continuous representation tolls the running of the Statute of Limitations on the malpractice claim until the ongoing representation is completed" (Glamm v Allen, 57 NY2d at 94; see Farage v Ehrenberg, 124 AD3d at 164). "The two prerequisites [*2]for continuous representation tolling are a claim of misconduct concerning the manner in which professional services were performed, and the ongoing provision of professional services with respect to the contested matter or transaction" (Matter of Lawrence, 24 NY3d 320, 341; see Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 9, 11; McCoy v Feinman, 99 NY2d 295, 306).
Here, the defendants met their initial burden of establishing, prima facie, that the legal malpractice cause of action was untimely (see CPLR 214[6]). In opposition, however, the plaintiff raised a question of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation (see Kitty Jie Yuan v 2368 W. 12th St., LLC, 119 AD3d 674, 674; Macaluso v Del Col, 95 AD3d at 960; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1017-1018).
Thus, the Supreme Court's determination in an order entered July 26, 2017, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action as time-barred was based on a misapprehension of fact. Accordingly, we agree with the court's subsequent determination granting the plaintiff's motion for leave to reargue his opposition to that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action and, upon reargument, denying that branch of the defendants' motion (see CPLR 2221[d]).
The defendants' remaining contention is without merit.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court