■ JOHN DIIORIO, Appellant, v FRANCES ANTONELLI, Respondent. [658 NYS2d 453] —In an action to recover damages for malicious prosecution, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated May 29, 1996, as denied his motion pursuant to CPLR 3215 for leave to enter a judgment upon the defendant's default in answering upon the condition that the defendant serve an affidavit of a meritorious defense within 45 days from the date of the order.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3215 for leave to enter a judgment upon the defendant's default in answering upon the condition that the defendant serve an affidavit of a meritorious defense, since the defendant offered a reasonable excuse for her delay in ultimately serving an answer (*see, Silberstein v Presbyterian Hosp.*, 96 AD2d 1096). The record clearly reflects that both parties had entered into an oral stipulation to extend the defendant's time to answer, and that the defendant relied upon such stipulation (*see, Volin v City Beach Catering Corp.*, 166 AD2d 583; *La Marque v North Shore Univ. Hosp.*, 120 AD2d 572). The record is inconclusive as to whether there was an agreed-upon due date, and the defendant's brief delay in answering the plaintiff's ultimate request was neither intentional nor serious enough to prejudice the plaintiff's prosecution of his lawsuit (CPLR 2005; *Harris v Triangle Aviation Servs.*, 110 AD2d 882, 884). Mangano, P. J., Sullivan, Altman and McGinity, JJ., concur.