[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
 MOTION FOR SUMMARY JUDGMENT #113
The plaintiff, Susan Davies, has filed a single count complaint against the defendant, General Tours, Inc. In the complaint, the plaintiff alleges that she suffered damages after being injured during a overseas tour of Morocco. Specifically, the plaintiff alleges that she broke her ankle while disembarking from a bus during the said tour. According to the plaintiff, the defendant, through the acts of its employees or, in the alternative, through the acts of employees of the defendant's partner agency, acted in a negligent manner and thus was the proximate cause of the plaintiff's injuries.
The defendant has now moved for summary judgment on the ground that it is entitled to judgment as a matter of law because it is not liable to the plaintiff for her injuries. Specifically, the defendant argues that there are no material questions of fact concerning its liability because the defendant did not own the bus from which the plaintiff slipped, did not employ any of the tour guides on the bus, and moreover, did not have knowledge of the condition of the ground on which the plaintiff slipped. CT Page 12003 Furthermore, the defendant argues that it is entitled to summary judgment because it cannot be held vicariously liable, was not engaged in a joint venture with the ground operator (Recep Tours) in Morocco and did not make any misrepresentations to the plaintiff concerning guarantees of the plaintiff's safety or general well-being throughout the course of her whole trip.
The plaintiff opposes the motion for summary judgment and argues that there are material issues of fact which render the motion for summary judgment inappropriate. Specifically, the plaintiff points to literature authored by the defendant which implies that the entire tour is being conducted by General Tours and its agents or employees. Moreover, the plaintiff claims that the defendant's literature represents that the plaintiff would be able to rely on the defendant. Thus, the plaintiff argues that summary judgment is inappropriate because the defendant should be estopped from arguing that it was not involved in a joint venture or partnership agreement and that, moreover, there is a question of fact as to the duty owed by the defendant to the plaintiff.
For the reasons set forth below, it is the court's opinion that the defendant's motion for summary judgment should be granted.
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . ." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party
The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
Generally, a tour operator is not liable for injuries caused by the negligence of third parties over which the tour operator exercised no ownership or control. Soya v. Apple Vacations, 984 CT Page 12004 F. Sup. 1136, 1140 (1997); Diorio v. Antonelli, 658 N.Y.S.2d 453
(1997). Cf. Cohen v. Heritage Motor Tours, Inc., 618 N.Y.S.2d 387
(1994) (the tour on which the plaintiff was injured was led by an employee of the tour operator who allegedly directed the participants to proceed in a particular manner.) In the present case, the defendant has submitted an affidavit attesting to the fact that it did not own the tour bus from which the plaintiff fell. The defendant has also attested to the fact that "Achmed", the tour guide, was neither employed by the defendant nor in the defendant's control.
The plaintiff argues that there is a question of fact as to whether Achmed was an employee of Recep Tours, the alleged partner of the defendant in Morocco. Even if there was a question of fact as to the relationship between Achmed and Recep, the court finds that such a question would not preclude granting summary judgment in the defendant's favor.
For one, while Recep might have been referred to as a "partner" in literature provided by the defendant to the plaintiff, the evidence submitted by the defendant in support of the motion for summary judgment shows that Recep and General Tours were not involved in a partnership or joint venture. The plaintiff has not submitted any evidence showing that the Recep and General Tours are actual partners. Similarly, there is nothing to suggest that the two entities are involved in a joint venture. A joint venture has been defined as "a special combination of two or more persons who combine their property, money, effects, skill and knowledge to seek a profit jointly in a single business enterprise without any actual partnership or corporate designation." Electronic Associates., Inc. v. AutomaticEquipment Development Corp. , 185 Conn. 31, 35, 440 A.2d 249
(1981). In the present case, the defendant has attested to the fact that Recep and General Tours do not share profits and are not involved in any joint venture. Thus, it is apparent that Recep is an independent contractor for whose negligence the defendant may not be held responsible. Lavine v. General Mills,Inc., 519 F. Sup. 332, 335 (1981); Dorkin v. American ExpressCompany, 345 N.Y.S.2d 891 (1973).
The plaintiff, however, also argues that the defendant be estopped from arguing that Recep is an independent contractor because it made representations in the brochure given the plaintiff suggesting that Recep was, in fact, a partner of General Tours.[1] This argument of partnership by estoppel is without merit. The choice of "partner" to describe the CT Page 12005 relationship between General Tours and Recep does not within itself create a partnership by estoppel. General Statutes § 34-54, repealed in 1997, had codified the pre-existing common law principles of partnership by estoppel. Accordingly, that statute provided that a person who had represented himself to others as a partner in a partnership would be liable to third parties that had detrimentally relied on such a representation and provided credit to the actual or apparent partnership. See Guillemette v.Gaffney, Superior Court, judicial district of New Haven at New Haven. Docket No. 343428 (August 29, 1996, Barnett, J.). In the present case, the plaintiff has not provided any sort of credit to the defendant based on any misrepresentation of a partnership. Thus, the plaintiff's alleged reliance was not detrimental to her business interests. In any event, a third party seeking to enforce a partnership by estoppel must show that it exercised due diligence in ascertaining the facts as to any perceived partnership. 59A Am.Jur.2d, Partnerships § 681 (1987). In the present case, a brochure prepared by the defendant contained language expressly stating that all of General Tour's so-called "partners" in Morocco were independent contractors. See Affidavit of Thomas Flynn, Exhibit A. Thus, the plaintiff would have been able to readily ascertain the fact that any partnership" between General Tours and Recep was, at most, an unfortunate choice of words which conveyed no sense of a legal business partnership. The plaintiff has, accordingly, failed to show that there was a partnership by estoppel between the defendant and Recep.
The plaintiff also relies on the case of Stevenson v. FourWinds Travel, Inc., 462 F.2d 899 (5th Cir.), to support her argument that summary judgment is inappropriate at the present time. The factual background to Stevenson involved an injury to a member of a tour who slipped on a pier during part of a tour. The court found that since the tour operator emphasized its careful selection, training and experience of the tour guides, and the many services they would provide, that the plaintiff had the right to expect to be warned of any danger such as the slippery condition of the pier walkway and the right to be cautioned to use extraordinary care to guard against the perils of such a condition.[2] Based on these facts, the court reversed the lower court's directed verdict for the defendant and stated that there were sufficient questions of fact necessitating a presentation of the case to the jury.
As had the plaintiff in Stevenson, the plaintiff in the present case also relies on language in the brochure and argues that her reliance on this language renders the present motion for CT Page 12006 summary judgment inappropriate. Specifically, the plaintiff points to language in the defendant's brochure that indicates that the tour will be escorted by a professional tour manager whose "sole responsibility" is "to assure that you have a totally smooth and comfortable trip. " Furthermore, the tour manager is to "assist you in any way . . . Your tour manager and local guides will work together in each city to make this trip a unique and enriching experience for each General Tours traveler."
The plaintiff's reliance on such general language, however, is misplaced and does not create issues of fact which would bar a motion for summary judgment. The language cited by the plaintiff does not guarantee the safety of the plaintiff under all conditions whether foreseen or not. See Passero v. DHC Hotels Resorts, Inc., 981 F. Sup. 742, 745 (D. Conn 1996) ("while [the] brochure contains language to the effect that [the] vacations include "[s]ervice from pre-trip to post-trip' and specifies the ways in which [the] service `begins before you leave [and] stays throughout your vacation," this language does not, and cannot, be read as a guarantee that [the defendant's] on-site representative will protect the plaintiff from injuring herself under all circumstances.") Rather, the language used by the defendant in the brochure appears to be mere puffing and advertisement rhetoric and not a guarantee of particular soil conditions at a nonspecific site thousands of miles away. See Wilson v. AmericanTrans. Air, Inc., 874 F.2d 386, 391 (7th Cir. 1989); see alsoHoneycutt v. Tour Carriage, Inc., 997 F. Sup. 694, 701 (W.D.N.C. 1996).
Moreover, the defendant has expressly disclaimed its liability for any acts beyond its control or by third parties. See Defendant's Affidavit, Exhibit A. While the plaintiff has attested to the fact that she does not remember reading such a document, such a discharge was evidently contained in a brochure from General Tours that was provided to the plaintiff by her travel agent. The said brochure also expressly states that General Tours, as well as its overseas providers and contacts, are independent contractors. Regardless, there is no implicit guarantee for the plaintiff's safety and health throughout the whole tour.
Thus, the court finds that any statements made by the defendant in its brochure could not be relied on by the plaintiff in order to create a cause of action against the tour operator. While the tour operator may be held accountable for its own negligent acts and conduct, the plaintiff cannot prove that the CT Page 12007 defendant was somehow responsible for her injuries. That is, the plaintiff has neither alleged nor shown facts showing that the defendant was, for example, responsible for the hiring of the particular bus or tour guide, or that the defendant was even remotely aware of the unfriendly sand conditions in Morocco. Without such a more direct involvement, the tour operator cannot, as a matter of law, be held responsible for the injury to the plaintiff. See Wilson v. American Trans. Air, supra, 874 F.2d 390 (tour operator cannot be held liable for assault on a tour participant at a hotel included in tour package where there was no evidence showing that tour operator was aware of the dangerous nature of the hotel); cf. Miller v. Group Voyagers, 912 F. Sup. 164,167 (1996) (motion to dismiss denied where plaintiff alleged that tour operator had knowledge that hotel included in the package was in a high crime area). The tour operator's lack of liability is especially true where the evidence shows that the defendant tour operator had no connection with or control over the local guides and transportation services.
Accordingly, the defendant's motion for summary judgment is granted.
The Court
By, Thompson, J.