■ ROBERT J.A. ZITO, Plaintiff, v FISCHBEIN BADILLO WAGNER HARDING et al., Defendants. ROBERT J.A. ZITO, Respondent, v NIMKOFF ROSENFELD & SCHECHTER, LLP, Appellant, et al., Defendant. [915 NYS2d 260]—

Order, Supreme Court, New York County (Melvin L.

Schweitzer, J.), entered November 23, 2009, which, insofar as appealed from as limited by the briefs, denied defendant Nimkoff Rosenfeld & Schechter, LLP's motion to dismiss the second, third, and fifth causes of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Nimkoff Rosenfeld & Schechter.

Plaintiff is collaterally estopped from seeking a declaration that he had cause to terminate his attorney-client relationship with defendant Nimkoff Rosenfeld & Schechter (the third cause of action) by this Court's order on a prior appeal, which implicitly determined that defendant was not discharged for cause, because in fact it was not discharged at all but voluntarily withdrew (see 58 AD3d 532 [2009]). Any other construction of the order would be contrary to law, since an attorney discharged for cause "has no right to compensation or to a retaining lien" (Teichner v W & J Holsteins, 64 NY2d 977, 979 [1985]). The issue of discharge that plaintiff raised in his legal malpractice action is identical to the issue addressed by this Court in the prior appeal of the original action. Indeed, during the prior appeal, plaintiff asked this Court to take judicial notice of the malpractice action he commenced in Nassau County, and fully briefed his malpractice claims.

The second cause of action, alleging legal malpractice, is barred under the doctrine of res judicata by the court's imprimatur of a retaining lien (see Kinberg v Garr, 28 AD3d 245 [2006]; Molinaro v Bedke, 281 AD2d 242 [2001]; Summit Solomon & Feldesman v Matalon, 216 AD2d 91 [1995], lv denied 86 NY2d 711 [1995]; see generally Blair v Bartlett, 75 NY 150, 154 [1878]).

The fifth cause of action, alleging a violation of Judiciary Law § 487, is also barred by res judicata since it is predicated upon the same conduct as underlies the legal malpractice claim, namely, defendant's "prior representation of" plaintiff (see Izko Sportswear Co., Inc. v Flaum, 63 AD3d 687, 688 [2009], lv denied 13 NY3d 708 [2009]; Jericho Group Ltd. v Midtown Dev., L.P., 67 AD3d 431, 432 [2009], lv denied 14 NY3d 712 [2010]). Concur—Tom, J.P., Friedman, Renwick and DeGrasse, JJ.