ALMA GARNETT, as Liquidating Trustee of BOYLAN INTERNATIONAL, INC., Appellant, v FOX, HORAN & CAMERINI, LLP, Respondent. [918 NYS2d 79]—

Plaintiff's appeal from the first order, which decided a motion addressed to the sufficiency of the original complaint, was rendered academic by her timely amendment of the complaint (*see Langer v Garay*, 30 AD2d 942 [1968]).

The amended complaint alleges that defendant was negligent in failing to advise Boylan International properly, that defendant's negligence caused Boylan's loss, and that Boylan sustained actual damages (*see Reibman v Senie*, 302 AD2d 290 [2003]). Specifically, it alleges, inter alia, that defendant failed to mount a defense to Boylan's tax assessment arrears based on *Blackstar Publ. Co. v 460 Park Assoc.* (137 Misc 2d 414 [1987] [escalation clauses should not be applied where the tax increase is caused by extensive renovation that does not inure to the tenant's benefit]), negotiated a settlement less beneficial than simply paying the demanded amount, and coerced Boylan into executing the settlement although it knew of the dire consequences thereof. "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that the settlement of the action was effectively compelled by the mistakes of counsel" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990] [citation omitted]). The amended complaint further alleges that, but for defendant's negligence, Boylan would not have had to de-

clare bankruptcy and incur additional attorney's fees. These allegations are sufficient to withstand a CPLR 3211 (a) (7) motion. At this stage, plaintiff does not have to show a "likelihood of success," as the motion court found, but is required only to plead facts from which it could reasonably be inferred that defendant's negligence caused Boylan's loss (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]). Plaintiff also does not have to *show* that Boylan actually sustained damages but is required only to allege facts from which actual damages could reasonably be inferred (*see id.*).

The breach of fiduciary duty cause of action is based on the same facts and seek the same relief as the legal malpractice causes of action and is therefore redundant (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]; *LaBrake v Enzien*, 167 AD2d 709, 709 [1990]). Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.