■ JEANNE MARIE LUSK, Appellant, v KENNETH J. WEINSTEIN, ESQ., Defendant, and SUZANNE PARKER, ESQ., Respondent. [924 NYS2d 91]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 23, 2010, which, insofar as appealed from, granted defendant Parker's motion to dismiss the complaint against her, unanimously affirmed, with costs.

Plaintiff was a party to the underlying matrimonial action in which she retained defendant Parker to represent her.

The court properly found that a charging lien entered in the underlying action against plaintiff barred her from thereafter asserting a claim for legal malpractice (*see* Judiciary Law § 475; *Wallach v Unger & Stutman, LLP*, 48 AD3d 360 [2008]). While it is unclear to what award the charging lien attached, the charging lien order was never vacated or appealed. Instead, plaintiff entered into a stipulation with Parker to resolve the parties' fee dispute without prejudice to any other claims either party might assert against the other in other actions, e.g., Parker's res judicata defense here.

Plaintiff's causes of action for breach of contract and breach of fiduciary duty were properly dismissed as duplicative of the legal malpractice claim (*see e.g. Garten v Shearman & Sterling LLP*, 52 AD3d 207, 207-208 [2008]), since they arose out of the same facts as the legal malpractice action and did not involve any additional damages, separate and distinct from those gener-

ated by the alleged malpractice (*see Garnett v Fox, Horan & Camerini, LLP*, 82 AD3d 435 [2011]).

Plaintiff's claim under Judiciary Law § 487 was also properly dismissed on res judicata grounds since it was predicated on the same conduct as that alleged in the legal malpractice claim (*see Zito v Fischbein Badillo Wagner Harding*, 80 AD3d 520, 521 [2011]).

We have considered plaintiff's remaining contention and find it without merit. Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.