■ In the Matter of LEONARD FINKEL, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Respondent. [934 NYS2d 2]—

The court correctly determined that the complaint filed with respondent New York State Division of Human Rights in 2010 was barred under the doctrine of res judicata because the complaints filed by petitioner in federal court in 1990 and 1991 were based on the same transaction as the 2010 petition, and

were dismissed on the merits (*see Zito v Fischbein Badillo Wagner Harding*, 80 AD3d 520, 521 [2011]; *Bettis v Kelly*, 68 AD3d 578, 579 [2009]). Moreover, the 2010 complaint fails to allege any additional damages that were separate and distinct from those generated by respondent New York City Housing Authority's misconduct in 1988 (*see Lusk v Weinstein*, 85 AD3d 445, 445-446 [2011], *lv denied* 17 NY3d 709 [2011]).

Contrary to petitioner's contention, the Lilly Ledbetter Fair Pay Act of 2009 (the Fair Pay Act) does not apply to payments made pursuant to a pension structure because the language of the statute itself provides that "[n]othing in this Act is intended to change current law treatment of when pension distributions are considered paid" (Pub L 111-2, § 2 [4] [2009]). Instead, " '[t]he [Fair Pay] Act preserves the existing law concerning when a discriminatory pension distribution or payment occurs, *i.e.*, upon retirement, not upon the issuance of each check' " (*Zimmelman v Teachers' Retirement Sys. of City of N.Y.*, 2010 WL 1172769, *10, 2010 US Dist LEXIS 29791, *30 [SD NY 2010], quoting *Tomlinson v El Paso Corp.*, 2009 WL 2766718, *3, 2009 US Dist LEXIS 77341, *9 [D Colo 2009]; *see Sullivan v City of New York*, 2011 US Dist LEXIS 36383, *8-10 [SD NY 2011]). Since petitioner began receiving retirement compensation in 1996, the Fair Pay Act does not "reset" the statute of limitations for the claims related to failure to pay back wages ordered in a prior action, or any of the other claims. Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 33096(U).]**