NATA BOB, Respondent, v STEVE COHEN, Appellant. [952 NYS2d 7]—

Defendants' motion to dismiss was not untimely, as found by the motion court, since the parties had stipulated, both orally and in writing, to extend defendants' time to "respond" to the complaint to January 31, 2011 and defendants served and filed their motion to dismiss by said date (*see DiIorio v Antonelli*, 240 AD2d 537 [2d Dept 1997]; *Del Valle v Office of Dist. Attorney of Bronx County*, 215 AD2d 258 [1st Dept 1995]; CPLR 320 [a]; 3211 [e]; *compare McGee v Dunn*, 75 AD3d 624, 625 [2d Dept 2010]). Nevertheless, defendants were not entitled to dismissal of this legal malpractice action commenced by their former client on res judicata grounds. The award of legal fees by the workers' compensation board to defendants was not made against plaintiff, but rather was to be paid by the employer's insurance carrier (*cf. Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 263-265 [2d Dept 2010]). Moreover, no showing has been made that a charging lien or a retaining lien was asserted against proceeds awarded to plaintiff in the underlying administrative proceeding (*see e.g. Lusk v Weinstein*, 85 AD3d 445 [1st Dept 2011], *lv denied* 17 NY3d 709 [2011]; *Zito v Fischbein Badillo Wagner Harding*, 80 AD3d 520 [1st Dept 2011]).

We have considered defendants' remaining arguments and find them unavailing, on this meager record. Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.