Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 11, 2011, which denied defendants’ motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered July 14, 2011, which denied defendants’ motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper. The Clerk is directed to enter judgment dismissing the complaint against defendants.
Defendants’ motion to dismiss was not untimely, as found by the motion court, since the parties had stipulated, both orally and in writing, to extend defendants’ time to “respond” to the complaint to January 31, 2011, and defendants had served and filed their motion to dismiss by that date (see DiIorio v Antonelli, 240 AD2d 537 [2d Dept 1997]; Del Valle v Office of Dist. Attorney of Bronx County, 215 AD2d 258 [1st Dept 1995]; CPLR 320 [a]; 3211 [e]; compare McGee v Dunn, 75 AD3d 624, 625 [2d Dept 2010]). On the merits, defendants were entitled to dismissal of this legal malpractice action commenced by their former client on res judicata grounds. The Workers’ Compensation Board’s award of legal fees to defendants, imposed as a lien against the ultimate award of compensation to plaintiff (see Workers’ Compensation Law § 24), precludes plaintiffs present claim that defendants represented him negligently, a claim that could have been raised in opposition to defendants’ fee application (see e.g. Lusk v Weinstein, 85 AD3d 445 [1st Dept 2011], lv denied 17 NY3d 709 [2011]; Zito v Fischbein Badillo Wagner Harding, 80 AD3d 520 [1st Dept 2011]).
In view of the foregoing, we need not consider defendants’ remaining argument. The decision and order of this Court entered herein on October 2, 2012 (99 AD3d 414 [2012]) is hereby recalled and vacated (see 2013 NY Slip Op 70400[U] [decided simultaneously herewith]).
Concur—Friedman, J.E, Acosta, Renwick, Richter and Abdus-Salaam, JJ.