■ XIONG PING TANG et al., Appellants, v JONATHAN MARKS, Respondent. [18 NYS3d 858]—

Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about June 25, 2014, which granted defendant's motion for summary judgment and dismissed plaintiffs' complaint, deemed an appeal from judgment, same court and Justice, entered August 8, 2014, and so considered, said judgment unanimously affirmed, without costs.

Defendant Marks, an attorney, represented plaintiffs in an underlying federal court action in which plaintiffs were found strictly liable under the Lanham Act, and in which the federal court entered a $400,000 judgment against them. Plaintiffs subsequently brought a legal malpractice and breach of contract action against Marks, claiming that, but for Marks's negligence, plaintiffs would have faced a lower judgment.

To sustain a cause of action for legal malpractice, a plaintiff must show "(1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages" (*Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]). "In order to establish proximate cause, a plaintiff must demonstrate that but for the attorney's negligence, she would have *prevailed* in the underlying matter or would not have sustained *any* ascertainable damages" (*id.* [emphasis added]). "[S]peculation on future events is insufficient to establish that the defendant lawyer's malpractice, if any, was a proximate cause of any such loss" (*id.* at 734-735).

Here, as plaintiffs were admittedly strictly liable in the underlying federal action, they are unable to show that they would have prevailed and that they would not have sustained any ascertainable damages.

Plaintiffs' cause of action for breach of contract was properly dismissed as duplicative of the legal malpractice claim, since it arose out of the same set of facts as the alleged legal malpractice and did not involve distinct, additional damages (*Lusk v Weinstein*, 85 AD3d 445, 446 [1st Dept 2011], *lv denied* 17 NY3d 709 [2011]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ.