Hagans v Dell (2023 NY Slip Op 00846)

Hagans v Dell

2023 NY Slip Op 00846

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-02785
 (Index No. 608251/18)

[*1]Freddia Hagans, respondent, 
v
Joseph G. Dell, etc., appellant, et al., defendant.

Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan and Jenna L. Fierstein of counsel), for appellant.
Kelly, Grossman & Kerrigan, LLP (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Joseph G. Dell appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated February 26, 2021. The order, insofar as appealed from, denied that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Joseph G. Dell.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured in 2007 when she fell on snow and ice. She retained a law firm, of which the defendant Joseph G. Dell was a limited liability partner, to represent her in a personal injury action. According to the plaintiff, Dell and the law firm filed a complaint against entities that were not culpable and allowed the statute of limitations to expire without identifying the proper entities to sue.
The plaintiff commenced the instant action against Dell and the law firm, alleging legal malpractice and breach of contract. Thereafter, the defendants, in response to a particular motion made by the plaintiff, cross-moved for summary judgment dismissing the complaint. By order dated February 26, 2021, the Supreme Court, inter alia, denied that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against Dell. Dell appeals.
Dell contends that he is immunized from individual liability under Partnership Law § 26(b). "Partnership Law § 26(b) . . . immunizes from individual liability any partner in a partnership registered as a limited liability partnership who did not commit the underlying wrongful act, except to the extent that Partnership Law § 26(c) imposes liability on that partner where he or she directly supervised the person who committed the wrongful act" (Salazar v Sacco & Fillas, LLP, 114 AD3d 745, 747; see Ederer v Gursky, 9 NY3d 514, 523). Here, Dell established his prima facie entitlement to judgment as a matter of law by submitting the transcript of his deposition testimony and his affidavit demonstrating that he was not involved in handling the plaintiff's personal injury action and did not supervise the attorney who was responsible.
However, in opposition, the plaintiff raised a triable issue of fact regarding the extent of Dell's involvement in her personal injury action. The plaintiff submitted documents showing that attorneys at the law firm had consulted with Dell about strategies in responding to motions and seeking a default judgment. A stipulation of discontinuance as to certain defendants in the personal injury action was signed by Dell. In addition, the record reflects that Dell met with the plaintiff to discuss her case at an initial intake meeting, filled out a client fact sheet, and signed the retainer agreement. Under the circumstances, there is a triable issue of fact as to whether Dell was involved in handling the plaintiff's personal injury action and, as such, was involved in the underlying allegedly wrongful act (see Partnership Law § 26[c]; Swift Funding, LLC v Isacc, 144 AD3d 471, 472).
The parties' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court