| **Rothstein v Krane LLP** |
|:---:|
| 2024 NY Slip Op 30016(U) |
| January 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157694/2017 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. GERALD LEBOVITS**                              **PART**                                 **07**

*Justice*

------------------------------------------------------------------------------X

MICHAEL ROTHSTEIN,

Plaintiff,

- v -

KRANE LLP F/K/A STEGER KRANE LLP, MICHAEL
STEGER, and STEVEN S. KRANE,

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157694/2017 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 83, 95, 106, 107, 108, 112, 113, 115, 117
were read on this motion for                              SUMMARY JUDGMENT                              .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 109, 110, 111, 114, 116, 118
were read on this motion for                              SUMMARY JUDGMENT                              .

*Hubell & Associates LLC*, New York, NY (Richard A. Hubell of counsel), for plaintiff.
*Vouté Lohrfink McAndrew Meisner & Roberts, LLP*, White Plains, NY (Jeffrey S. Peske of counsel), for defendant Michael Steger.
*Krane LLP*, Woodbury, NY (Steven S. Krane of counsel), defendant pro se.

Gerald Lebovits, J.:

On motion sequence 001, defendant Michael Steger moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint against him in this action for professional malpractice and breach of contract. On motion sequence 002, plaintiff, Michael Rothstein, moves, pursuant to CPLR 3212, for summary judgment on the complaint; and defendants Krane LLP and Steven S. Krane cross-move, pursuant to CPLR 3212, to dismiss the complaint.

Motion Sequences 001 and 002 are consolidated for disposition. Steger's summary-judgment motion (mot seq 001) is granted. Plaintiff's summary-judgment motion (mot seq 002) is granted only with respect to liability on his malpractice claim against defendants Krane LLP and Krane, and is otherwise denied. Krane LLP/Krane's cross-motion for summary judgment (mot seq 002) is granted only with respect to plaintiff's breach-of-contract claims against them, and is otherwise denied.

[* 1]

## BACKGROUND

Plaintiff commenced this action to recover damages from defendants, Krane LLP, Steger, and Krane, for professional malpractice and breach of contract (*see* Complaint, NYSCEF Doc. No. 1). The following facts are gleaned from the parties' submissions.

Steger and Krane are former partners of Steger Krane, LLP, a New York limited-liability partnership (*id.*). The partnership was registered with the New York State Department of State on January 28, 2013, when the name of the entity was changed from Krane LLP to Steger Krane, LLP (*see* NYSCEF Doc. No.100). It is unclear from the submissions whether the partnership dissolved (*see* NYSCEF Doc. No. 79, p. 13). However, the individual defendants stopped practicing law under the name Steger Krane, LLP, in March 2016 (*id*), and the name of the partnership was changed back to Krane LLP on July 15, 2016 (*see* NYSCEF Doc. 100).

On March 31, 2015, plaintiff retained Steger Krane LLP to represent him in an investment opportunity with nonparty Shane Dax Taylor and/or Isolation Film LLC ("Isolation"), an entity formed to produce a film project (*see* Engagement Letter, NYSCEF Doc. No. 48). Thereafter, Taylor, Isolation's managing member, executed a promissory note, dated April 6, 2015, pursuant to which he agreed to repay plaintiff the principal amount of $150,000.00, plus 25% interest, for a total of $187,500.00, by October 1, 2015 (*see* Promissory Note, NYSCEF Doc. No. 60). Plaintiff and Isolation also executed a film financing agreement, dated April 7, 2015 (*see* Film Financing Agreement, NYSCEF Doc. No. 60). The agreement, among other things, memorialized the promissory note (*id.*). In addition, Taylor executed a guaranty, dated April 8, 2015, unconditionally guaranteeing repayment of the $150,000.00 loan, plus 25% interest (*see* Guarantee, NYSCEF Doc. No. 60).

Isolation failed to repay the loan timely, with interest (*see* Complaint, NYSCEF Doc. No. 1, *supra*). On March 16, 2016, plaintiff retained Steger Krane LLP to represent him in the loan dispute with Isolation and Taylor (as guarantor) (*see* Engagement Letter, NYSCEF Doc. No. 55).

Thereafter, plaintiff commenced an action (*Rothstein v Isolation*, Sup Ct, NY County, Index No. 152589/2016) to recover the $187,500.00 due under the promissory note (*see* Complaint, NYSCEF Doc. 71). Defendants in that action successfully removed the action to federal court, based on diversity jurisdiction, and made a written offer to settle the action (*see* Email, NYSCEF Doc No. 72), which, plaintiff contends, defendants advised him to decline. The federal court eventually granted the defendants' motion to dismiss the action "on the ground that the contract is void because the interest rate on the loan was criminally usurious" (Judgment, NYSCEF Doc. No. 76). Plaintiff asserts that defendants failed timely to reargue or appeal the judgment, and specifically advised him that a motion to reargue or an appeal would be futile.

Plaintiff commenced this action against defendants to recover for the loss of his investment (*see* NYSCEF Doc. No. 1, *supra*). The complaint alleges claims for professional malpractice (first cause of action) and breach of contract (second cause of action) against defendants (*id.*). Plaintiff essentially claims that defendants committed professional malpractice and breached the retainer agreement by allowing him to enter into a loan agreement deemed by a federal district court to be criminally usurious, rendering plaintiff unable to collect under a loan

2

[* 2]

agreement that had been prepared by defendants (*id.*). Plaintiff seeks to recover $150,000.00, the principal amount due under the loan agreement, promissory note, and guaranty, plus $37,500.00 in interest due as of October 21, 2015, and $52,500.00 for attorney fees and costs (*id.*).

Steger answered, generally denying the allegations in the complaint and asserting multiple affirmative defenses (*see* Answer, NYSCEF Doc. No. 2). The answer of defendants Krane LLP and Krane similarly includes general denials of the allegations in the Complaint and multiple affirmative defenses (*see* Answer, NYSCEF Doc. No. 6). Krane LLP and Krane also counterclaimed against plaintiff for sanctions and attorney fees based on assertedly frivolous conduct (*id.*).

The parties filed competing motions for summary judgment.

## DISCUSSION

The proponent of a summary-judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court must view the evidence in the light most favorable to the nonmoving party (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]). The failure to make this prima facie showing requires denying the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the movant makes a prima facie showing of entitlement to summary judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial of the action (*see Zuckerman v City of New York*, *supra*, at 562). Mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient to defeat summary judgment (*id.*).

As stated, plaintiff seeks to recover damages for professional malpractice and breach of contract. To prevail on the claim for legal malpractice, plaintiff must prove the existence of an attorney-client relationship (*see Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52, 59 [1st Dept 2007] ["[A]bsent an attorney-client relationship, a cause of action for legal malpractice cannot be stated."]). Plaintiff must also establish that defendants failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community; that this negligence was the proximate cause of the actual damages sustained by plaintiff; and that but for defendants' negligence, plaintiff would have been successful in the underlying action (*see Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 513 [2d Dept 1990]). "While the issue of whether certain conduct constitutes legal malpractice normally requires a factual determination to be made by a jury, a plaintiff will be entitled to summary judgment in a case where there is no conflict at all in the evidence, the defendants' conduct fell below any permissible standard of due care, and the plaintiff's conduct was not really involved" (*id.* at 514 [internal citations omitted]).

A claim for breach of contract requires proof of the existence of a valid and enforceable contract, performance by the plaintiff, and a breach of the contract by the defendant, resulting in damages (*see Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]).

3

[* 3]

Here, plaintiff maintains that he retained all of the defendants to represent him on the film financing transaction. He states that he first contacted Krane to represent him, and that Krane immediately introduced him to his partner, Steger, who reportedly had expertise in handling film financing agreements. Plaintiff further states that he had a telephone conversation with both Krane and Steger, who assured him that Krane LLP and Steger had the requisite expertise to advise him and protect his interests in the film financing transaction. Plaintiff states that he hired defendants to draft and review the film financing agreement, promissory note, and guaranty. He also states that it was always represented to him that he was retaining both Steger and Krane, and that Steger had the necessary expertise to counsel him and draft legally binding film financing agreements.

Plaintiff essentially claims that defendants were negligent in failing to advise him that the film financing transaction was usurious and subject to being held void and unenforceable, and in preparing unenforceable documents. Plaintiff maintains that defendants breached a duty to exercise the care, skill, and diligence commonly exercised by a member of the legal profession, causing him to suffer substantial losses in the action against Isolation and Taylor.

### I.      Defendant Steger's Summary Judgment Motion (Mot Seq 001)

In seeking summary judgment, Steger denies the existence of an attorney-client relationship with plaintiff. In particular, he denies signing the retainer agreement with plaintiff, communicating with plaintiff during the document preparation, preparing any documents for plaintiff, or submitting invoices to plaintiff. He also argues that Partnership Law § 26 immunizes him from any liability since he did not represent plaintiff in the film financing transaction and did not supervise the work of Krane, who performed all the work for plaintiff on the film financing transaction.

To support his position, Steger offers copies of the engagement letter, loan financing agreement, promissory note, invoices, guaranty, and transcripts of the examination before trial ("EBT") of the parties. Although the engagement letter was drafted on Steger Krane LLP letterhead, it was endorsed only by plaintiff and Krane (*see* NYSCEF Doc. No. 48).

At an EBT held on January 12, 2021, plaintiff testified that during his initial conversation with Krane, the most he had "was an intro [with Steger] because he was in the -- wherever he was located his office" (Rothstein EBT Transcript, NYSCEF Doc. No. 51, pp. 58-59). He further testified that "[t]here was a hello, and yes, this is my entertainment law person who has all the experience" (*id.*). Plaintiff also testified that he had no other verbal or written communication with Steger (*see id.*, pp. 65-66). Plaintiff further acknowledged that "Taylor provided the terms" of the deal (*id.* p. 52), and that the film financing agreement, promissory note, and guaranty were emailed to him by Krane (*id.*, p. 86). However, plaintiff testified that it was his "understanding" that Steger would be involved in plaintiff's representation since Steger "was the expert" that "would be the guiding force, overseeing whatever agreements would be drawn up" for him and provided (*id.*, p. 65).

[* 4]

At an EBT held on March 3, 2021, Krane testified that he prepared the engagement letter (*see* NYSCEF Doc. No. 78, p. 16), film financing agreement (*id.*, p. 18), and guaranty (*id.*) in connection with the services provided to plaintiff. He also testified that he represented to plaintiff that Steger would provide work on the matter, if asked (*id.*, p. 142), but that he could not recall whether Steger had any involvement reviewing the loan transaction documents before they were given to plaintiff for his signature (*id.*, p. 36), or performed any legal services on plaintiff's matter (*id.*, pp. 37, 143).

At an EBT held on June 29, 2021, Steger testified that he did not know whether plaintiff was a client when he withdrew from the partnership in March 2016 (*see* NYSCEF Doc. No. 79, p. 29). He also stated that Krane never discussed plaintiff with him until after the commencement of this action (*id.*, p. 22). Steger also notes that the invoices sent to plaintiff in connection with the film financing transaction only indicate work performed by Krane (*see* NYSCEF Doc. Nos. 49, 56).

An attorney-client relationship is established where there is an explicit undertaking to perform a specific task (*see Volpe v Canfield*, 237 AD2d 282, 283 [2d Dept 1997]). Here, Steger submits competent evidentiary proof to show that no attorney-client relationship existed between him and plaintiff. He satisfactorily demonstrates that he did not sign plaintiff's engagement letter, explicitly undertake to perform a specific task, or participate in any way in plaintiff's film financing transaction and ensuing litigation to collect on the debt.

Plaintiff asserts that he emailed Krane on March 31, 2015, to request "any insight from his partner" (Email, NYSCEF Doc. No. 53). Plaintiff also asserts that it was represented to him, and he understood, that he was retaining both Krane and Steger to counsel him on the film financing transaction (*see* Rothstein Affidavit, NYSCEF Doc. No. 80). These assertions are insufficient to establish an attorney-client relationship between plaintiff and Steger. "A plaintiff's unilateral belief does not confer upon him the status of client" (*Volpe v Canfield*, *supra*, at 283).

Furthermore, Partnership Law § 26 (b) and (c), which concern the nature of partner's liability, immunize from individual liability any partner in a partnership registered as a limited liability partnership who did not commit the alleged wrongful act, except, among other things, where the partner directly supervised the person who committed the alleged wrongful act (*see Hagans v Dell*, 213 AD3d 812, 813 [2d Dept 2023]).

Here, Steger establishes his prima facie entitlement to judgment as a matter of law dismissing the professional-malpractice claim laid against him. Steger's evidentiary proof adequately demonstrates that he was not involved in handling plaintiff's film financing transaction and that he did not supervise Krane, who handled the transaction.

Plaintiff fails to raise a triable issue of fact regarding Steger's involvement in the transaction. The assertion that Steger said "hello" during plaintiff's initial telephone call with Krane is insufficient to defeat summary judgment. In fact, Steger notes that he was on vacation with his family in South Carolina during the alleged initial telephone call (*see* Steger Affidavit, NYSCEF Doc. No. 42). Furthermore, plaintiff acknowledges that he had no other

5

[* 5]

communication with Steger (*see* NYSCEF Doc. No. 51, *supra*, pp. 65-66). Thus, the legal-malpractice claim against Steger is dismissed.

## II. Plaintiff's Motion and Krane/Krane LLP's Cross-Motion for Summary Judgment (Mot Seq 002)

The gravamen of plaintiff's remaining malpractice claim is that Krane and Krane LLP caused plaintiff to enter into a film financing transaction that was determined by a court to be criminally usurious, resulting in the transaction's being deemed void and unenforceable, and leaving plaintiff unable to collect on funds he loaned pursuant to documents prepared by Krane.

Krane and Krane LLP acknowledge representing plaintiff in the film financing transaction with Isolation and Taylor, but argue that plaintiff's special financial relationship with Taylor, prior financial dealings, and unlawful financial dealings with Isolation and Taylor warrant dismissing plaintiff's claims. Defendants also assert that Taylor dictated the terms, covenants, and conditions of the promissory note to plaintiff, who subsequently dictated the terms to Krane, without his input about any inherent legal issues. Defendants further assert that Krane prepared the promissory notes, film financing agreement, and personal guaranty according to those terms, and that plaintiff was not interested in any input, comment, or suggestion about the substance of the documents. Krane insists that he was never asked for a legal opinion in connection with the promissory note, film financing agreement, or guaranty.

Krane's failure to draft documents for the film financing transaction that were not usurious reflects a failure to exercise the care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community (*see Theresa Striano Revocable Trust v Blancato*, 71 AD3d 1122, 1124 [2d Dept 2010] [holding that an attorney's reliance on the advice of another's attorney in lieu of reviewing usury statutes himself "reflects a failure to exercise ordinary reasonable skill"]). A professional-malpractice claim "may be based upon the creation of a loan document which is usurious and does not fall under any exceptions to the law of usury" (*DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812 [2d Dept 2011]). Plaintiff established, *prima facie*, that Krane and Krane LLP acted negligently with respect to the usury issue.

Furthermore, defendants' negligence regarding the usury issue proximately caused the dismissal of plaintiff's action to recover the amount allegedly due under the loan agreement, promissory note, and guaranty in the film financing transaction. Thus, plaintiff has met his burden of establishing entitlement to summary judgment as to liability on his claim for professional malpractice against Krane and Krane LLP.

Defendants fail to provide any evidence to establish the existence of material issues of fact that require a trial on the issue of liability for the professional malpractice, or to warrant judgment in favor of defendants. Even assuming that plaintiff dictated the terms of the documents for the transaction, a review of the relevant statutes would have revealed that the proposed loans did not fall under any usury exceptions (*see id.*). Thus, the branch of plaintiff's motion that seeks summary judgment on the issue of liability for professional malpractice against Krane and Krane LLP is granted, and the matter is referred to a special referee to hear and report on the issue of plaintiff's damages due to the malpractice of Krane and Krane LLP.

6

[* 6]

The breach-of-contract claim against all defendants is dismissed as duplicative of the claim for professional misconduct; the claims are based upon the same facts and do no allege distinct, additional damages (*see Xiong Ping Tang v Marks*, 133 AD3d 455 [1st Dept 2015]).

Accordingly, it is

ORDERED that the motion for summary judgment by defendant Steger (mot seq 001) is granted, and the causes of action against Steger are dismissed, with costs and disbursements to Steger as taxed by the court upon the submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff's claims against defendants Krane and Krane LLP are severed and shall continue; and it is further

ORDERED that the motion for summary judgment by plaintiff Rothstein (mot seq 002), is granted to the extent that plaintiff is awarded judgment against defendants Krane and Krane LLP on the issue of liability for professional misconduct, and the motion is otherwise denied; and it is further

ORDERED that the cross-motion for summary judgment by defendants Krane and Krane LLP (mot seq 002) is granted to the extent that the branch of the motion that seeks summary judgment dismissing the cause of action for breach of contract is granted, and the motion is otherwise denied; and it is further

ORDERED that the issue of plaintiff's damages suffered due to the malpractice of Krane and Krane LLP is referred to a special referee to hear and report; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk of the General Clerk's Office for placement at the earliest possible date upon the calendar of the Special Referee's part which, in accordance with the Rules of that Part, shall assign this matter at the initial appearance to a special referee to hear and report as specified above; and it is further

ORDERED that plaintiff shall serve a copy of this order with notice of its entry on all parties; and shall serve notice of entry in accordance with this court's e-filing protocol (which may be accessed on the e-filing page of the court's website, www.nycourts.gov/supctmanh) on the office of the General Clerk and on the Office of the County Clerk, which shall enter judgment accordingly.

**01/03/2024**
**DATE**

HON. GERALD LEBOVITS
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

7

[* 7]