Ingram Yuzek Gainen Carroll & Bertolotti, LLP v McCullar (2024 NY Slip Op 05406)

Ingram Yuzek Gainen Carroll & Bertolotti, LLP v McCullar

2024 NY Slip Op 05406

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 655386/21 Appeal No. 2937 Case No. 2023-02984 

[*1]Ingram Yuzek Gainen Carroll & Bertolotti, LLP, Plaintiff-Appellant,
v
James McCullar, Defendant-Respondent.

Winget, Spadafora & Schwartzberg, LLP, New York (Alexander A. Truitt of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Eni Mihilli of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered May 3, 2023, which denied plaintiff law firm's motion to dismiss defendant's counterclaim for legal malpractice, unanimously affirmed, with costs.
Defendant alleges that plaintiff law firm negligently caused the commencement of guardianship proceedings over his longtime partner whom he hoped to marry, resulting in an onerous guardianship arrangement.
The court correctly denied plaintiff's motion to dismiss the counterclaim pursuant to CPLR 3211(a)(7). Defendant pleaded with sufficient detail his counterclaim that plaintiff committed legal malpractice by, among other things, failing to respond to a cease-and-desist letter, failing to move to dismiss the guardianship petition, and failing to negotiate a more favorable settlement (see IMO Indus. v Anderson Kill & Olick, 267 AD2d 10, 11 [1st Dept 1999]). Moreover, it can be reasonably inferred from the allegations that plaintiff's negligence caused defendant's loss (see Garnett v Fox, Horan & Camerini, LLP, 82 AD3d 435, 436 [1st Dept 2011]).
In addition, plaintiff's submission of documents from the underlying action do not conclusively establish a defense to the malpractice claim as a matter of law (see IMO Indus., 267 AD2d at 11). The documents showing that defendant consented to the guardianship and accepted the terms of the settlement do not preclude him from taking contrary positions in this action under the doctrine of judicial estoppel, as the premise of his counterclaim is that he made those statements based on plaintiff's negligent advice.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024