**Meirowitz v Greenberg**

2025 NY Slip Op 32124(U)

June 13, 2025

Supreme Court, New York County

Docket Number: Index No. 659363/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                                    PART                        47

                                            *Justice*

-------------------------------------------------------------------------------X

SPENCER MEIROWITZ,

                                    Plaintiff,

                      - v -

MARGERY GREENBERG, SARAH HILSEK, SEGAL &
GREENBERG LLP, DORF NELSON & ZAUDERER,

                                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 659363/2024 |
| MOTION DATE | 03/27/2025, 04/03/2025 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for                                    DISMISSAL                                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 15, 16, 17, 42, 43, 44, 45, 46

were read on this motion to/for                                    DISMISSAL                                    .

Upon the foregoing documents, it is

In this legal malpractice action defendants, Segal & Greenberg LLP, Margery Greenberg,

and Sara Hiltzik[1] (collectively "S&G Defendants") move (MS #2), and defendant Dorf Nelson &

Zauderer, separately moves (MS #3) to dismiss the complaint as against them.

Plaintiff alleges 30[2] causes of action against defendants many of which are not

cognizable causes of action in New York, including the following:

1. FIRST CAUSE OF ACTION – Malfeasance
2. SECOND CAUSE OF ACTION – Nonfeasance
3. THIRD CAUSE OF ACTION – Misfeasance
4. FOURTH CAUSE OF ACTION – Lack of Transparency
5. FIFTH CAUSE OF ACTION – Failure to Inform the Court of Due Process Violations
6. SIXTH CAUSE OF ACTION – Failure to Inform the Court of Critical Information

---

[1] Hiltzik is erroneously named in the Complaint as "Sarah Hilsek"

[2] Plaintiff numbers up to 32 causes of action in the Complaint but only asserts 30 missing a 26th cause of action and a 31st cause of action.

**659363/2024   MEIROWITZ, SPENCER vs. GREENBERG, MARGERY ET AL                          Page 1 of 5**
**Motion No.  002 003**

7. SEVENTH CAUSE OF ACTION – Failure to Provide Discovery
8. EIGHTH CAUSE OF ACTION – Failure to Address Frivolous and Procedurally Defective Actions
9. NINTH CAUSE OF ACTION – Failure to Inform the Court of Unauthorized Actions of the AFC
10. TENTH CAUSE OF ACTION – Failure to Inform the Plaintiff and the Court of Critical Findings
11. THIRTEENTH CAUSE OF ACTION – Failure to Address Ex Parte Communication and Challenge Improper Compensation Order
12. FIFTEENTH CAUSE OF ACTION – Failure to Inform the Court of My Son's Suicide Attempts and the Impact of the Custody Schedule Change
13. SIXTEENTH CAUSE OF ACTION – Refusal to Follow Client Directives and Failure to Inform the Court
14. SEVENTHEENTH [sic.] CAUSE OF ACTION – Failure to Inform Plaintiff of Legal Rights and Misrepresentation Regarding Marital Assets
15. EIGHTEENTH CAUSE OF ACTION: Pattern of Failure to Preserve the Record
16. NINETEENTH CASUE [sic.] OF ACTION: Failure to Provide the Complete File, or partial file, in a Timely Fashion
17. TWENTYEENTH [sic.] CAUSE OF ACTION: Breach of Attorney-Client Privilege and Professional Conduct
18. TWENTY-THIRD CAUSE OF ACTION: Failed to Inform me of both a 1028 and 1028 Hearing
19. TWENTY FIFTH CASUE [sic.] OF ACTION: Failure to Exercise Reasonable Care in Depositions
20. TWENTY SEVENTH CASUE [sic.] OF ACTION: Ineffective Representation
21. TWENTY-EIGHT CASUE [sic.] OF ACTION: Lack of Advocacy
22. TWENTY NINTH CASUE [sic.] OF ACTION: Support of Misleading Article and Quid Pro Quo Relationships
23. Cause of Action Number Thirty-Two: Damages and the Broader Scope and Implications of Defendant's Action

It appears that these causes of action are intended to be different allegations of legal malpractice and will be addressed as such. To succeed on a claim of legal malpractice "plaintiff must show that: (1) the attorney was negligent; (2) the attorney's negligence was a proximate cause of plaintiff's losses; and (3) plaintiff suffered actual damages" (*Springs v L&D Law P.C.*, 234 AD3d 422, 423 [1st Dept 2025]).

As for the allegations against, Dorf Nelson & Zauderer, it appears that the extent of plaintiff's allegations as against it are that Greenberg and Hiltzik joined the firm years after the alleged malpractice occurred. As Dorf Nelson & Zauderer never represented plaintiff and

**659363/2024   MEIROWITZ, SPENCER vs. GREENBERG, MARGERY ET AL**
**Motion No.  002 003**

**Page 2 of 5**

2 of 5

because a lawyer's conduct will not be imputed to a new firm that he or she later joined after the alleged malpractice occurred (*Waggoner v Caruso*, 68 AD3d 1 [1st Dept 2009], affd, 14 NY3d 874 [2010]), the complaint will be dismissed as against Dorf Nelson & Zauderer[3].

As for the allegations against the S&G Defendants, a claim for legal malpractice is barred by an "adverse determination in [an allegedly negligent attorney's] prior action to recover fees for the rendering of professional services … with regard to the same services" (*Kinberg v Garr*, 28 AD3d 245, 246 [1st Dept 2006]; *John Grace & Co., Inc. v Tunstead, Schechter & Torre*, 186 AD2d 15, 20 [1st Dept 1992] "[S]ince the fee claim and the legal malpractice claim arose from the same transaction, the decision to award fees necessarily included the finding of no malpractice"]).

Here, by Decision and Order dated March 16, 2023, in the underlying action, the court granted S&G Defendants' motion to withdraw, and awarded S&G Defendants a charging lien at an amount to be determined later (NYSCEF Doc No 24). The hearing was held on April 28, 2023 and plaintiff agreed to a Charging Lien in the amount of $124,100.86 (NYSCEF Doc No 26 at p 5). "Accordingly, plaintiff['s] legal malpractice claim[s] based upon the same services at issue before the fee claim court [are] barred by collateral estoppel and *res judicata*" (*John Grace*, 186 AD2d at 20).

Plaintiff's 14th cause of action, for Negligent and Deceptive Financial Practices, which appears to be an attempt to assert a breach of fiduciary duty and his 21st, 22nd, and 24th causes of

---

[3] Similarly, plaintiff's non-malpractice causes of actions asserted as (1) ELEVENTH CAUSE OF ACTION – Intentional Infliction of Stress and Duress (2) TWELFTH CAUSE OF ACTION – Exploitation of Plaintiff's PTSD Diagnosis; (3) FOURTEENTH CAUSE OF ACTION – Negligent and Deceptive Financial Practices; (4) TWENTY FIRST CAUSE OF ACTION Defendant's Chronic and Extreme Pattern of Legal Delinquency, Deception and Impropriate; (5) TWENTY SECOND CAUSE OF ACTION: Breach of Attorney-Client Privilege, Fraud, and Violation of Judiciary Law § 487; (6) TWENTY FOURTH CAUSE OF ACTION: Denial of Due Process, Fraud, and Violation of Judiciary Law § 487; (7) THIRTIETH CASUE OF ACTION: Fraudulent Misrepresentation; do not contain any allegations against Dorf Nelson & Zauderer.

**659363/2024   MEIROWITZ, SPENCER vs. GREENBERG, MARGERY ET AL**
**Motion No.  002 003**

**Page 3 of 5**

3 of 5

actions which allege violations of Judiciary Law § 487 must also be dismissed for the same reasons as the legal malpractice claims (*Lusk v Weinstein*, 85 AD3d 445 [1st Dept 2011] ["Plaintiff's causes of action for … breach of fiduciary duty [was] properly dismissed as duplicative of the legal malpractice claim"; "[C]laim under Judiciary Law § 487 was also properly dismissed on res judicata grounds since it was predicated on the same conduct as that alleged in the legal malpractice claim"]).

Plaintiff's 30th cause of action for Fraudulent Misrepresentation, must be dismissed because "the elements of a fraud claim must be supported by factual allegations containing the details constituting the wrong in order to satisfy the pleading requirements of CPLR 3016(b)" (*JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 579 [2d Dept 2014]) and here, it is not.

Finally, plaintiff's 11th and 12th causes of action for, "Intentional Infliction of Stress and Duress", and "Exploitation of Plaintiff's PTSD Diagnosis," which appear to sound in a claim for intentional infliction of emotional distress ("IIED") must also be dismissed. To maintain an action for IIED a party "must allege conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*164 Mulberry St. Corp. v Columbia Univ.*, 4 AD3d 49, 56 [1st Dept 2004]), and the alleged conduct here fails to rise to that level of outrageousness or extremity.

Accordingly it is,

ORDERED that S&G Defendants' motion (MS #2) to dismiss the complaint as against them is granted; and it is further

ORDERED that Dorf Nelson & Zauderer's motion (MS #2) to dismiss the complaint as against it is granted; and it is further

**659363/2024   MEIROWITZ, SPENCER vs. GREENBERG, MARGERY ET AL**
**Motion No.  002 003**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED the complaint is dismissed in its entirety and the Clerk is directed to enter judgment accordingly in favor of defendants with costs and disbursements to defendants as taxed by the Clerk.

20250613153516PGOETZ8AC74696EB5B45D29B0EE5B2BC0E64D4

**6/13/2025**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**659363/2024   MEIROWITZ, SPENCER vs. GREENBERG, MARGERY ET AL**
**Motion No.  002 003**

[* 5]